**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ANTHONY RAJ,                                    :

                          Plaintiff             :        CIVIL ACTION NO. 3:17-0692

                                                :

v.                                              :        (JUDGE MANNION)

                                                :

DICKSON CITY BOROUGH and
MICHAEL RANAKOSKI,                              :

                          Defendants            :

## M E M O R A N D U M

Pending before the court is a motion to dismiss the plaintiff's complaint brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6) by defendant Dickson City Borough ("DC"). (Doc. 8). DC seeks dismissal of all constitutional claims in the complaint brought against it by the plaintiff, Anthony Raj ("Raj"). (Doc. 1). For the reasons that follow, DC's motion to dismiss will be **DENIED**.

## I.      PROCEDURAL BACKGROUND

On April 18, 2017, Raj brought this civil rights suit pursuant to 42 U.S.C. §1983 against defendants Michael Ranakoski, a DC police officer, and against DC based on a municipal liability theory that it had a custom of unlawful searches, seizures and arrests without probable cause and that it failed to effectively train Ranakoski about proper arrests. (Doc. 1). In Count I of the complaint, Raj alleges that DC violated his Fourth and Fourteenth

Amendment rights. Specifically, Raj alleges that DC has encouraged, tolerated, ratified and has been deliberately indifferent to a pattern, practice and custom of unlawful search, seizure and arrests without probable cause by its officers and for the failure of officers to follow established policies, procedures, directives and instructions regarding arrest procedures. He also alleges that DC has been deliberately indifferent to the need for more or different training, supervision, investigation or discipline with respect to the proper exercise of its police officers' arrest powers, including improper detentions, searches and seizures and for the failure of officers to follow established policies, procedures, directives and instructions regarding the search and/or detention of plaintiff and others under such circumstances. Additionally, Raj alleges that DC was on notice of the need for training regarding lawful searches and seizures based on three lawsuits filed against it in federal court in the Middle District of Pennsylvania, to wit: (1) 3:08-cv-1110; (2) 3:16-cv-2409; and (3) 3:99-cv-220.[1]

On June 19, 2017, DC filed the pending motion to dismiss Raj's complaint, (Doc. 7), and filed its brief in support on June 30, (Doc. 8), with attached exhibits, namely, copies of the three complaints Raj states were filed

---

[1]The facts alleged in Raj's complaint must be accepted as true in considering DC's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

against DC in other actions in this federal court, 3:08-cv-1110, 3:16-cv-2409, and 3:99-cv-220. On July 11, 2017, Raj filed his brief in opposition to the motion to dismiss. (Doc. 10). DC filed a reply brief on July 25, 2017. (Doc. 11).[2]

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because Raj asserts violations of his rights under the 4th and 14th Amendments of the U.S. Constitution. The court can exercise supplemental jurisdiction over Raj's state law claims against Ranakoski under 28 U.S.C. §1367. Venue is appropriate in this court since the alleged constitutional violations occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

## II.    STANDARD OF REVIEW

DC's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the

---

[2]The court notes despite the fact that Ranakoski was served with Raj's complaint and counsel entered an appearance on his behalf, he has not responded to the complaint. (Docs. 4, 6).

complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (*quoting* Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged

4

in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III. DISCUSSION

Since Raj names DC, a municipality, as a defendant and alleges that it violated his constitutional rights, the standards annunciated in *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), apply to his claims against DC. A municipality is a "person" for purposes of §1983. *See* Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City

Dep't of Soc. Servs., 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior*. Id. A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. Id.; *see also* Mann v. Palmerton Area School Dist., 33 F.Supp.3d 530, 540-41 (M.D.Pa. 2014).("Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation.") (citation omitted). The plaintiff bears the burden of identifying the policy or custom. Id. This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. Id. "Additionally, if the policy at issue relates to a failure to train or supervise municipal employees, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Phila*., 181 F.3d 339, 357 (3d Cir. 1999) (citation omitted). A municipality is not liable under section 1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a *policy or custom* that led to or caused the violation. *Brown*, 520 U.S. at 403. For the purposes of meeting the *Monell* standard, a custom exists when "practices of state officials [are] so permanent

6

and well settled as to virtually constitute law." Kean v. Henry, 523 Fed. Appx. 879, 881 (3d Cir. 2013). The plaintiff bears the burden of identifying the policy or custom. *Id.* This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. *Id.*

If the conduct at issue relates to a failure to train or supervise municipal employees, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. Connick v. Thompson, 563 U.S. 51, 62 (2011) (citing Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 409 (1997)); *see also* Carswell v. Borough of Homestead, 381 F.3d 235, 244–45 (3d Cir. 2004) (deliberate indifference "typically requires proof of a pattern of underlying constitutional violations."). The Supreme Court has also held that, under narrow circumstances, a plaintiff may successfully prove a failure-to-train claim without identifying a pattern of constitutional violations, but instead by showing that "the need for more or different training is *so obvious*, and the *inadequacy so likely* to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately

indifferent to the need." City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989) (emphasis added). "Liability in single-incident cases depends on the likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights." Thomas v. Cumberland Cty., 749 F.3d 217, 223-24 (3d Cir. 2014) (internal quotations omitted).

In addition to demonstrating deliberate indifference through one of the two methods stated above, the plaintiff must further show that the alleged deficiency in training "actually causes injury." *City of Canton*, 489 U.S. at 390. "In analyzing causation, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. Liability cannot rest only on a showing that the employees could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury. Rather, the causation inquiry focuses on whether the injury could have been avoided had the employee been trained under a program that was not deficient in the identified respect." Thomas v. Cumberland Cty., 749 F.3d 217, 226 (3d Cir. 2014) (internal citations and quotations omitted). Again, the municipality's conduct must be a "moving force" behind the constitutional violation at issue. Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

DC challenges the sufficiency of Raj's factual allegations in his

8

complaint and argues that they fail to demonstrate a policy or custom through a pattern of violations. DC argues that Raj's allegations are not sufficient to meet the standards annunciated in *Monell* since he "fails to allege any specific policy, procedure, directive or instruction regarding arrest procedures that Officer Ranakoski allegedly did not follow in this matter." DC also contends that Raj "fails to allege any specific policy, procedure, directive or instruction regarding the search and/or detention of Plaintiff and others that Officer Ranakoski allegedly did not follow in this matter" and, that he "does not allege a policy, regulation or decision officially adopted by Dickson City Borough in support of his §1983 claim." (Doc. 8 at 7).

DC then analyzes the three other complaints to which Raj refers in his complaint to support his municipal liability claims against DC and argues that the facts of these cases are not similar to the facts of Raj's case and, that they do not support his claims against it. Raj admits that his *Monell* claims are partially premised on the stated three cases previously filed in this court. Based on the analysis of the three cases made by the parties, which the court does not repeat herein, the court finds that two of them are sufficiently similar to the facts of the instant case with respect to Raj's allegations that DC had a custom of illegally seizing people without probable cause or reasonable suspicion (Banks v. Gallagher), and that DC had a policy of allowing officers to unlawfully make seizures without probable cause (Magliocchi v. Dickson

City Borough). However, since the third case, McPhillips v. Dickson City Borough, was filed after the alleged events in this case, Raj cannot rely on it to show that DC was on notice of the need for training its officers in making arrests based on probable cause.

Thus, Raj has alleged a pattern of similar constitutional violations by DC to sufficiently establish, at this stage of the litigation, a municipality's custom. He has also sufficiently alleged DC was deliberately indifferent "to the patently obvious need to train its officers in how to determine whether probable cause for arrest exists."

With respect to Raj's claim that DC's conduct amounted to a failure to train or supervise its officers properly, he states that "[t]raining officers to make arrests based only upon probable cause is fundamental to the protection of constitutional rights." Raj also states that DC "need not have been on actual or constructive notice of the failure to train; the fact that the need to train officers in identifying probable cause that this single violation of Plaintiff's rights is actionable." (Doc. 10 at 5). The court finds that Raj has sufficiently based his failure-to-train claim on a theory of liability in a single-incident case. The court also finds that Raj has sufficiently pled facts, at this stage of the litigation, to establish that DC was on notice of the need to train its officers based on the above stated cases against DC to which he has cited in his complaint. Raj has also alleged facts to establish the requisite

causal nexus between the deliberate indifference and the injury to himself, namely, that he was unlawfully detained and unlawfully "incarcerated for approximately fifteen

months due to his unlawful arrest."

## IV.     CONCLUSION

Based upon the foregoing, DC's motion to dismiss, (Doc. 7), the claims against it raised in Raj's complaint, (Doc. 1, Count I), will be **DENIED**.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 26, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0692-01.wpd