**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY RAJ** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-692** |
| **v.** | : | **(JUDGE MANNION)** |
| **DICKSON CITY BOROUGH and** | : | |
| **MICHAEL RANAKOSKI,** | : | |
| **Defendants** | | |

**MEMORANDUM**

Presently before the court is a motion for summary judgment filed by the defendants the Borough of Dickson City ("Dickson City"), and Michael Ranakoski ("Ranakoski"), (collectively, "Defendants"). (Doc. 29). For the reasons set forth below, the motion will be **GRANTED** and judgement will be entered in favor of Defendants.

## I.    BACKGROUND[1]

This suit stems from an incident that occurred in the early morning hours of July 23, 2014. While on patrol, at approximately 2:00 a.m., Ranakoski observed a white Nissan sedan stopped at a red light with no headlights. After the light turned green, the vehicle turned left onto the Scranton Carbondale Highway, and Ranakoski initiated a traffic stop. Shawn Baynes ("Baynes") was the driver and the plaintiff Anthony Raj ("Raj") was

---

[1] These facts are derived from the parties' statements of fact and the record. The court only includes facts material to the issues in the case, and it does not include legal conclusions.

seated in the front passenger seat. Upon running their drivers' licenses, Ranakoski discovered Baynes's license was suspended out of North Carolina, but Raj's license was valid. Ranakoski agreed to let the vehicle go without a citation, as long as Raj drove. Baynes and Raj then switched positions. After telling them that they were free to leave, Ranakoski struck up a conversation with Baynes and Raj, asking where they were coming from and what their destination was.

Ranakoski became suspicious when Baynes began acting nervously and upon learning that the two were unrelated and traveling from North Carolina to Binghamton, New York. Ranakoski asked if he could search the vehicle and both agreed. After determining that the vehicle was a rental, and that Baynes had rented the vehicle, Ranakoski specifically asked Baynes if he consented to the search of the vehicle and Baynes consented. Raj, who was in the driver's seat, popped open the trunk and inside Ranakoski found two backpacks—a blue and gray bag that contained packages of suspected cocaine, and a blue and orange bag that did not contain any contraband. Nothing in the bags identified the owner of the item, but Ranakoski assumed one bag belonged to Raj and one to Baynes.

Ranakoski told them they were being detained, handcuffed them, sat them on the curb, and then called for backup. Without first telling them that he found drugs, Ranakoski asked which bag belonged to whom. Baynes stated that the blue and gray bag, which contained the drugs, was his, and

Raj claimed ownership of the blue and orange bag. A field test of the substance was positive for cocaine.

Raj and Baynes were then transported to the Dickson City Police Department. On the way, Ranakoski, pursuant to department policy, called the on-call Lackawanna County Assistant District Attorney, Gene Riccardo ("ADA Riccardo"), in order to get felony charges approved. Ranakoski originally intended to charge Baynes with possession of cocaine with intent to distribute and Raj with conspiracy to possess cocaine with intent to distribute, but Riccardo only approved charges against Baynes. At the police department, Raj was released and Ranakoski prepared a criminal complaint and affidavit of probable cause against Baynes, as well as an incident report.

After several continuances, Baynes's had a preliminary hearing before a magistrate on October 16, 2014, at which Ranakoski testified, and all charges were bound over for trial. After the hearing, Lackawanna County Deputy District Attorney Shane Scanlon ("ADA Scanlon") instructed Ranakoski to apply for an arrest warrant for Raj. That same day, Ranakoski prepared a criminal complaint with an affidavit of probable cause against Raj, setting forth the following charges: (1) manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance; (2) use/possession of drug paraphernalia; and (3) conspiracy – use/possession of drug paraphernalia. The complaint and affidavit were presented to a magistrate, who issued an arrest warrant for Raj.

- 3 -

In December 2015, Raj was located by the United States Marshals Services ("USMS") in Broome County, New York. He remained in the Broome County Jail until June 21, 2016, as a result of the warrant as well as an additional tampering with evidence charge he received for disposing of cocaine in his possession when USMS located him.

Raj was transported to Lackawanna County, arraigned on June 21, 2016, a preliminary hearing was held on July 14, 2016. At the preliminary hearing, the magistrate found that a *prima facie* case had been made against Raj and bound over all counts for trial. Raj testified that the Office of the District Attorney made an offer that "if he testified against Baynes and pled guilty to a reduced charged the matter would be over." (Doc. 30, at 8). On November 4, 2016, Baynes pleaded guilty and, on November 9, 2016, the charges against Raj were *nolle prossed*.

On April 18, 2017, Raj brought this two-Count civil rights suit pursuant to 42 U.S.C. §1983 and state law. On June 19, 2017, Defendants filed a motion to dismiss the complaint, which the court denied by memorandum and order dated January 26, 2018. (Doc. 26; Doc. 27). Defendants then filed an answer and raised affirmative defenses.    (Doc. 28). Subsequently, Defendants filed the present motion for summary judgment, (Doc. 29), a brief in support, (Doc. 35), and statement of facts, (Doc. 30). Raj filed a brief in opposition, (Doc. 42), an appendix with exhibits, (Doc. 41), and a response to the statement of facts, (Doc. 40).

- 4 -

## II.    DISCUSSION

Because the parties set forth the correct legal standard with respect to a motion for summary judgment under Federal Rule of Civil Procedure 56(c) in their briefs, the court does not fully repeat it herein. Suffice to say that, if the moving party meets its burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party," *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003), then the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," and show that sufficient evidence to support a jury verdict in its favor," *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

### a. *Count I: Section 1983 Claims for Unreasonable Search and Seizure, False Arrest, Malicious Prosecution, and Municipal Liability*

Section 1983 "provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). To state a claim under Section 1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Id.* (citations omitted). "A defendant in a civil rights action must have personal involvement

- 5 -

in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003).

In Count I, Raj alleges, pursuant to Section 1983, that Defendants violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, arrest without probable cause, and malicious prosecution, as well as his right not to be deprived of liberty without due process of law. He also alleges that Dickson City has been deliberately indifferent to the need for more or different training, supervision, investigation, or discipline with respect to the proper exercise of its officers' arrest power.[2]

As a preliminary matter, however, the court notes that Raj brings his claims against Defendants under the both the Fourteenth Amendment Due Process Clause and the Fourth Amendment, alleging that his arrest constituted a deprivation of due process. Because the Fourth Amendment covers the stated claims, Raj's Fourteenth Amendment claims, as

---

[2] Raj contends that Dickson City was on notice of the need for training regarding lawful searches and seizures based on three lawsuits filed against it in the Middle District of Pennsylvania—to wit, (1) 3:08-cv-1110; (2) 3:16-cv-2409; and (3) 3:99-cv-220. In its prior memorandum, however, this court held that Raj could not rely on the one of the cases, *McPhillips v. Dickson City Borough*, 3:16-cv-2409, to show that Dickson City was on notice of the need to train its officers because that case was filed after the events alleged in this case. (Doc. 26, at 10).

standalone claims, must be dismissed under the "more-specific provision rule." "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks omitted). *See also Betts v. New Castle Youth Development Center*, 621 F.3d 249, 261 (2010). Also, since Pennsylvania provides the constitutionally required procedures under the Fourth Amendment for pre-trial detainees and affords them the process that is due for the seizures of such persons in criminal cases, there is no Fourteenth Amendment procedural due process claim. *Id.* (citing *Stewart v. Abraham*, 275 F.3d 220, 228–29 (3d Cir. 2001) ("The Pennsylvania law requiring probable cause for arrests and a preliminary arraignment within 48 hours satisfies all that the Fourth Amendment requires[.]")).[3] Accordingly, Raj's Count I claims under the Fourteenth Amendment are **DISMISSED**.

---

[3] The court notes that Raj's reference to the Fourteenth Amendment may be based on the incorporation doctrine. *See Williams v. Papi*, 30 F.Supp.3d 306, 311 (M.D.Pa.2014) (noting that "the Fourth Amendment and other provisions of the Bill of Rights apply on their face only to the federal government, and were incorporated against the states later by operation of the Fourteenth Amendment's Due Process Clause.").

Defendants argue that summary judgment is appropriate on Raj's Count I Section 1983 claims because he cannot establish the prerequisite requirement that Raj was deprived of his constitutional rights. More particularly, Defendants argue that the evidence of record shows that Ranakoski had probable cause to file the criminal complaint against Raj, since the affidavit of probable cause set forth in great detail the basis for the three separate drug charges filed against Raj. Defendants contend that the mere fact Baynes claimed ownership of the backpack containing the cocaine does not negate that there was probable cause to also arrest Raj for the drug charges which, they note, the magistrate agreed with at Raj's preliminary hearing and bound all of his charges over for trial.[4] Therefore, Defendants argue that because probable cause existed to arrest Raj, which was confirmed by the issuance of the arrest warrant, his arrest was not unlawful

---

[4] Because Defendants felt that it was not clear from the wording of the Complaint whether Raj's Fourth Amendment claims pertained to his temporary detention on July 23, 2014, or his later arrest pursuant to the October 16, 2014 criminal complaint and affidavit of probable cause, they addressed the legality of both. In his brief in opposition, however, Raj states, "For clarity, [Raj] is not raising a claim regarding the temporary detainment on July 23, 2014. . . . Rather, [Raj]'s claims relates only to his arrest and detention which occurred as a result of the October 16, 2014, criminal complaint." (Doc. 42, at 6 n.1). Accordingly, the court will only address Raj's Fourth Amendment claims as they relate to his arrest and detention resulting from the October 16, 2014 criminal complaint.

and his Section 1983 claims fail as a matter of law. Defendants additionally raise a qualified immunity defense for Ranakoski.

Raj, by contrast, argues that there is a genuine question of material fact as to whether probable cause exists to arrest Raj. In particular, Raj argues there are outstanding questions of fact about whether Ranakoski's reliance on ADA Scanlon's advice to seek an arrest warrant was objectively reasonable and about whether Ranakoski knew no probable cause existed to arrest Raj at the time he filed charges. Raj cites the fact that ADA Scanlon had attended three scheduled preliminary hearings for Baynes during which he had access to the affidavit of probable cause for Baynes that detailed Raj's involvement in the incident; however, ADA Scanlon did not instruct Ranakoski to seek an arrest warrant for Raj at any of those hearings. Raj avers that ADA Scanlon only instructed Ranakoski to do so after Baynes declined to plead guilty in order to have Raj testify against Baynes. In support, Raj cites his testimony that he was offered a plea agreement that involved testifying against Baynes and the fact that the charges against Raj were *nolle prossed* five days after Baynes ultimately pleaded guilty.  Thus, Raj argues that the entry of summary judgment is inappropriate.

The threshold question for each of Raj's claims under Section 1983 for unlawful search and seizure, false arrest, and malicious prosecution, as well

as his municipal liability claim, is whether there was probable cause to arrest Raj. *Lawson v City of Coatesville*, 42 F.Supp.3d 664, 673 (E.D.Pa. 2014) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680, 683 (3d Cir. 2012)). "To establish a false imprisonment or arrest claim, a detention must be unlawful, and to establish a malicious prosecution claim, there must be an absence of probable cause to arrest. Accordingly, probable cause defeats a claim for malicious prosecution and for false imprisonment or arrest." *Sheedy v. City of Philadelphia*, 184 Fed.App'x 282, 284 (3d Cir. 2006) (internal citations omitted). *See also James*, 700 F.3d at 680, 683 (lack of probable cause is an element of a Fourth Amendment false arrest claim); *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (lack of probable cause is an element of a Fourth Amendment malicious prosecution claim). Additionally, "[i]t is well-settled that, if there is no [constitutional] violation in the first place, there can be no derivative municipal claim." *See Mulholland v. Government County of Berks, PA*, 706 F.3d 227, 238 n.15 (3d Cir. 2013); *Segal v. City of New York*, 459 F.3d 207, (2d Cir. 2006) ("*Monell* . . . extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.").

Therefore, if there was probable cause for Raj's arrest, then no constitutional violation took place and Raj's Section 1983 claims fail as a matter of law. Here, there has already been a finding that probable cause existed to arrest Raj for the drug charges. The criminal complaint and affidavit of probable cause were presented to a magistrate, who issued an arrest warrant. Further, after Raj was arrested and declined to waive the preliminary hearing, the Commonwealth presented its evidence to the magistrate, who found that a *prima facie* case had been made against Raj and bound over all counts for trial.

To succeed on a Section 1983 claim where a probable cause finding was made by a neutral magistrate in connection with a warrant application, a plaintiff must establish

> that the officer, with at least a reckless disregard for the truth, made false statements or omissions that created a falsehood in applying for a warrant, and second, that those assertions or omissions were material, or necessary, to the finding of probable cause. Omissions are made with reckless disregard only if an officer withholds a fact in his ken that any reasonable person would have known is the kind of thing the judge would wish to know, and the focus is thus facts and circumstances within the officer's knowledge at the time of the arrest, irrespective of later developments.

*Geness v. Cox*, 902 F.3d 344, 356–57 (3d Cir. 2018) (internal citations and quotation marks omitted) (alterations adopted). "A magistrate's

determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (internal quotation marks omitted). And although such deference is "not boundless," a reviewing court should defer to a warrant based upon an affidavit that provides the magistrate "with a substantial basis for determining the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 914-15 (1984) (internal quotation marks omitted).

Upon review of the affidavit of probable cause, (Doc. 41-2, at 4-5), the court agrees that it set forth a substantial basis for determining the existence of probable cause to arrest Raj for possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and conspiracy to possess drug paraphernalia. In the affidavit, Ranakoski indicates that he pulled over a vehicle, which was later found to be a rental car, with no headlights on in the early morning hours to find two unrelated individuals, both of whom were from out of town, traveling a significant distance from North Carolina to New York. Upon obtaining consent, Ranakoski searched the rental car and discovered the backpack with cocaine.

For a possessory crime, the Commonwealth of Pennsylvania may meet its burden by showing actual possession, constructive possession, or joint constructive possession. *Commonwealth. v. Thompson*, 428 A.2d 223,

224 (Pa. 1981). Under Pennsylvania law, "[c]onstructive possession" is "the ability to exercise a conscious dominion over" contraband. *Commonwealth. v. Vargas*, 108 A.3d 858, 868 (Pa.Super. 2014). Constructive possession often arises when police find contraband somewhere other than on the defendant's person. *Commonwealth v. Hall*, 199 A.3d 954 (Pa.Super. 2018). Constructive possession requires proof that the defendant had knowledge of the existence and location of the item. *Thompson*, 428 A.2d at 224. However, the Commonwealth may prove such knowledge circumstantially. *Hall*, 199 A.3d at 954. That is, it may prove that the defendant had knowledge of the existence and location of the items at issue "from examination of the totality of the circumstances surrounding the case." *Id.* "[A]n officer may use the circumstantial evidence of equal access to the illegal substance to infer possession or joint possession to that illegal substance." *DeVatt v. Lohenitz*, 338 F.Supp.2d 588, 598 (E.D.Pa. 2004).

Here, insofar the backpack was in the trunk and both Baynes and Raj were in the cabin of the vehicle, with equal access to the cocaine, a reasonable police officer could determine that Raj was in constructive possession of the contraband and that Raj had the requisite intent to distribute the illegal drugs. *See Maryland v. Pringle*, 540 U.S. 366 (2003) (holding police officer had probable cause to believe the defendant, the front-

seat passenger in the vehicle, possessed cocaine, either solely or jointly where paraphernalia was accessible to all three occupants); *DeVatt*, 338 F.Supp.2d at 598 (agreeing with a neutral and detached magistrate's determination that there was probable cause to believe the plaintiff constructively possessed drugs and intended to distribute them where they were located in areas of his residence to which he and others had equal access); *Windle v. City of Philadelphia*, No. 01-cv-2289, 2002 WL 32351167, at *2 (E.D.Pa. Mar. 27, 2002) (finding probable cause to believe that the plaintiff was in joint constructive possession of illegal drugs found in her home to which others had access).

Therefore, the only way for Raj to succeed on his Section 1983 claims is to show, by a preponderance of the evidence, that Ranakoski "disregarded the truth in his warrant application, *and* that a warrant application based on what [Ranakoski] should have told the judge would have *lacked* probable cause." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000); *see also Sherwood v. Mulvihill*, 113 F.3d 396 (3d Cir. 1997). Raj has done neither and therefore his claims fail as a matter of law.

Raj has not alleged, let alone put forth any evidence, that Ranakoski made any false statements or omissions in the warrant application. In fact, Raj does not even contend that the warrant application was faulty. Instead,

he merely argues that Ranakoski should not have filed it because, essentially, he should have caught onto the alleged improper motives of ADA Scanlon. More particularly, Raj suggests that Ranakoski should not have listened to ADA Scanlon's instruction to file the affidavit because he should have known that ADA Scanlon was attempting to charge Raj for an improper purpose—*i.e.*, to use Raj as leverage against Baynes. Given that ADA Scanlon is not a defendant in this case, Raj contends that there is an outstanding issue as to whether Ranakoski knew of and coalesced to ADA Scanlon's alleged plan. Raj, however, offers no evidence for this theory beyond speculation. In fact, the only evidence of record as to Ranakoski's understanding of ADA Scanlon's motive is Ranakoski's testimony that, while he did not know why ADA Riccardo initially declined charges or why ADA Scanlon later approved charges, Ranakoski did not "get the impression" that ADA Scanlon was using the arrest warrant as leverage to pressure Baynes. (Doc. 41-1, at 67). Moreover, as Defendants point out, Ranakoski, as a police officer, played no role—nor did he have the authority to—in the negotiations between the DA's Office and the defendants about the possible reduction or withdrawal of charges.

Such speculation by Raj regarding the motives of a non-defendant, does not qualify as a showing by the preponderance of the evidence, that

Ranakoski knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions in the affidavit.[5]

Although Raj additionally argues that he claimed ownership of the backpack that did not cocaine in it, and that Baynes supported this statement, there is no requirement that an officer or a magistrate accept suspects' allegations as true. *See Corliss v. Lynott*, No. 3:15-cv-1364, 2016 WL 625071, at *8 (M.D.Pa. 2016). Significantly, probable cause requires that there be only a "fair probability that the person committed the crime at issue." *Wilson*, 212 F.3d at 789. Moreover, Ranakoski did not exclude this fact from the affidavit and therefore the magistrate had all of these facts before him in making the determination to issue the arrest warrant and to bind all charges over for trial.

---

[5] Moreover, under Pennsylvania law, "[c]riminal proceeding initiated on the advice of counsel are . . . presumed to be supported by probable cause when the advice of counsel was sought in good faith and the advice was given after full disclosure of the facts to the attorney." *Price v. Zirpoli*, No. 3:11-cv-1330, 2016 WL 3876442, at *6 (M.D.Pa. Jan. 20, 2016). This presumption applies even if the prosecutor errs since [t]he attorney's advice need not be correct." *Id*. Raj's theory about ADA Scanlon's motive for charging Raj, even if true, does not transform Ranakoski's choice to seek an arrest warrant into an illegal action where there was independently probable cause to arrest. Furthermore, Ranakoski's belief that there was probable cause was not supported solely by the opinion of ADA Scanlon. It was also affirmed by the magistrate, who bound all charges over for trial following the preliminary hearing.

Therefore, because Raj has not alleged or shown that Ranakoski made false statements or omissions that created a falsehood in the affidavit, and because probable cause supported Raj's arrest pursuant to an arrest warrant, Raj's Section 1983 claims fail as a matter of law. Accordingly, the entry of summary judgment in favor of Defendants on Count I is appropriate.

### b. *Count II: Supplemental State Law Claims*

With respect to Raj's supplemental state law claims, this court has no independent basis of federal jurisdiction over the Defendants to hear Raj's state claims of false arrest/false imprisonment and malicious prosecution as an independent matter. However, 28 U.S.C. §1367(a), permits federal courts to decide state-law claims that would not otherwise be subject to federal jurisdiction so long as those claims "are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The Supreme Court has long held that federal courts have the power to hear state law claims that "derive from a common nucleus of operative fact" with federal claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). When a federal court disposes of the federal claims, the court has discretion to retain jurisdiction over the state law claims. The court should take into account "generally accepted principles of judicial economy,

convenience, and fairness to the litigants." *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993).

In this case, the court will exercise supplemental jurisdiction over Raj's state law claims because Defendants' actions form part of the same case or controversy and it would be expected that all of the claims would be tried in one judicial proceeding.

With respect to the Raj's state law claim for false arrest, in Pennsylvania, a "false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa.Cmwlth. 1997) (citing Pennsylvania Suggested Standard Civil Jury Instructions §13.04). Similarly, in Pennsylvania, the "elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk v. Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Such detention is unlawful if it is a consequence of a false arrest.

As discussed above, the arrest warrant in this case was supported by probable cause and therefore legal. Consequently, Raj has not established a cause of action for false arrest or false imprisonment under Pennsylvania law, and Defendants are entitled to summary judgment on these claims. *See Wychunas v. O'Toole*, 252 F.Supp.2d 135, 143-44 (M.D.Pa. 2003).

As to the state law claim of malicious prosecution, in Pennsylvania, a plaintiff alleging a claim of malicious prosecution must show: (1) the defendants initiated a criminal proceeding; (2) without probable cause; (3) with malice; (4) which was subsequently terminated in plaintiff's favor. *Merkle v. Upper Dublin School District*, 211 F.3d 782, 791 (3d Cir. 2000). As a showing of a lack of probable cause is also a necessary element of the state law claim of malicious prosecution, this claim must also fail and the entry of summary judgment in favor of Defendants is appropriate.[6]

## III.   CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment, (Doc. 29), is **GRANTED** and judgment is entered on Counts I and II in favor of Defendants.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 14, 2020**
17-0692-02

---

[6] Since the court has determined that Defendants are entitled to summary judgment, the court need not consider Defendants' penultimate argument that Ranakoski is entitled to qualified immunity.